UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| NATHAN MCNALLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:19-cv-00127 |
| | ) | REEVES/CORKER |
| ALEX GRIFFITH, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed in forma pauperis [*Id.*] will be **GRANTED** and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Sullivan County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the

custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and this order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to furnish a copy of this order to the Court's financial deputy.

## II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520

(1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

## III. ANALYSIS

Plaintiff's complaint alleges that Defendant Griffith, while acting as District Attorney, replied to a question from a judge regarding Plaintiff's case by stating that Plaintiff was a confidential informant in front of six other inmates and a courtroom full of people and that, as a result thereof, Plaintiff has been assaulted nine times, causing him to lose vision in his right eye, his life to be in danger, and paranoia and bad dreams [Doc. 2 p. 3–4]. Plaintiff, however, states that he was never a confidential informant.

As Plaintiff states that Defendant Griffith was acting as a District Attorney at the time of his statement and it is apparent that Defendant Griffith made the statement as part of his prosecutorial duties, however, Defendant Griffith is entitled to absolute immunity from liability under §1983 for this statement. *Imbler v. Pachtman*, 424 U.S. 409, 420–31 (1976) (holding that a prosecutor has absolute immunity from §1983 lawsuits for actions taken within the scope of his duty to initiate and pursue criminal prosecutions). Accordingly, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983.

## IV. CONCLUSION

For the reasons set forth above, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

*[signature]*
**PAMELA L. REEVES**
**CHIEF UNITED STATES DISTRICT JUDGE**